IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KEVIN L. BURKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 2:18-cv-00295 |
| | § | |
| DNOW L.P. d/b/a | § | |
| DISTRIBUTION NOW, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Kevin L. Burks files this Original Complaint against Defendant DNOW L.P. d/b/a Distribution Now, and shows as follows:

### PARTIES

1. The plaintiff is Kevin L. Burks. He is an individual and resident of San Patricio County, Texas.

2. The defendant is DNOW L.P. d/b/a Distribution Now. It is a business entity existing in the state of Texas. It maintains an office and does business in Corpus Christi, Nueces County, Texas. It may be served with process by personal service on its registered agent for service, C.T. Corporation System, 1999 Bryan Street, Suite 900,

Dallas 75201.

## JURISDICTION

3.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 626(c) (ADEA).

## VENUE

4.    Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## FACTS

5.    The defendant is a publicly-traded company, identified on the NYSE under the stock name "DNOW." The defendant represents that it is one of the largest distributors to the energy and industrial sectors. It further represents that it has more than 250 locations in 20+ countries, where it stocks and sells a comprehensive offering of products for the upstream, midstream, and downstream & industrial market segments. It claims that it offers more than 300,000 stock keeping units, including pipe, valves and valve automation, fittings, instrumentation, mill and industrial supplies, tools, safety supplies, electrical products, drilling and production equipment, artificial lift, pumps, fabricated equipment, and industrial paints and coatings.

6.    The plaintiff's employment history with the defendant spans about 19 years. He began his employment in Corpus Christi in 1986. After he resigned from his employment

in 2003, as a salesman, he was actively recruited by the defendant to resume his employment in 2007. After discussing it and being made several promises, he resigned from his existing employment and joined the defendant as its Branch Manager for Corpus Christi. At that time, he was 42 years-old. Stability in his employment was important, as was his long-term goal to not change his employment again.

7.     Sometime in 2010-11, the plaintiff transitioned to a new position with the defendant, called Oil & Gas Market Specialist. In this position, the plaintiff was instrumental in developing sales and business for the defendant in the Eagle Ford Shale region of Texas. In fact, his work in this respect was outstanding. The plaintiff was highly regarded for his competence by his peers, vendors, and customers. Indeed, in the Eagle Ford Shale region, the plaintiff was the very valued face of the defendant.

8.     In early 2014, and in recognition of his exemplary job performance, the plaintiff was promoted by the defendant to Regional Sales Manager. At this time, he began reporting directly to Brian Verdehem, who was V.P. of Sales. Importantly, at the time of the promotion, the plaintiff was given a base salary increase of 20% (i.e., $65k annually to $78k annually). This is confirmed by the defendant, in writing. Specifically, in writing, on February 11, 2014, the defendant told the plaintiff that the defendant "increase[d] [his] compensation by 20% moving forward" . . . and . . . "[t]hank you for all you do for the company!" The plaintiff then performed his job duties and responsibilities

in this new position, honorably and without any criticism of his of job performance. Indeed, his diligence and work ethic was regularly praised.

9. However, without any warning, in November 2015, the plaintiff was summoned by Matthew Handke, Regional Manager, to a meeting at an IHOP in Pleasanton, Texas. The plaintiff attended the meeting. Also present for the meeting was Russell Dauphin, who was a Branch Manager. During unusual the meeting, both Mr. Handke and Mr. Dauphin informed the plaintiff that he was being demoted from Regional Sales Manager to Salesman and that he was being replaced by Mr. Dauphin. This was shocking news to the plaintiff. He was not given a legitimate, business reason for the demotion. The plaintiff nevertheless left the meeting with the intention of fulfilling his job duties and responsibilities. But he also made several attempts to contact his immediate supervisor, Mr. Verdehem, for the purpose of getting an explanation. Ultimately, the only explanation the plaintiff ever received was an empty apology.

10. The plaintiff also did not receive his promised base salary increase from about $65k annually to $85k annually, made in February 2014. He made regular inquiries to the defendant about the unpaid wages owed to him, but was only told that it would be looked into and remedied, but it never was.

11. Further, after the demotion, several of the accounts that the plaintiff had been told would not change were, in fact, taken from him by Mr. Handke and Mr. Dauphin, without

explanation, and given to younger, less experienced salesman. At this time, the plaintiff was regularly referred to as "Grandpa" by Mr. Dauphin in the presence of other employees of the defendant and even customers of the defendant. Notably, when Mr. Dauhpin was chosen to replace the plaintiff as Regional Sales Manger, he was in his mid-30s. The plaintiff regularly objected to the conduct he was experiencing and complained to management about age discrimination but it was never even investigated by the defendant.

12. The plaintiff was constructively discharged by the defendant on or about September 7, 2016, when he turned in his involuntary resignation to the defendant, motivated by a hostile work environment and other unlawful conduct by the defendant with respect to his employment.

13. At the time of the constructive discharge, the plaintiff was abundantly qualified for his job position, he was 51 years of age, and he was replaced by someone outside the protected class with respect to age.

14. The administrative process was exhausted by the plaintiff before this lawsuit was filed.

## CAUSES OF ACTION

### Count 1–Age Discrimination (State and Federal Law)

15. The plaintiff incorporates within Count 1 all of the allegations set forth in

paragraphs 1-14, *supra*.

## Federal Law

16.     It is unlawful, under federal law, for an employer to discharge an employee because of their age, if over 40 years of age. *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 309, 116 S. Ct. 1307, 1308, 134 L. Ed. 2d 433 (U.S. 1996) (citing Age Discrimination in Employment Act of 1967 (ADEA), 81 Stat. 602, as amended, 29 U.S.C. § 621 *et seq*.)).  Under federal law, the elements of the claim are (1) he was in the age group protected by the ADEA; (2) he was discharged or demoted; (3) at the time of his discharge or demotion, he was performing his job at a level that met his employer's legitimate expectations; and (4) following his discharge or demotion, he was replaced by someone of comparable qualifications outside the protected class. *O'Connor*, 517 U.S. 308 at 310, 116 S. Ct. at 1308.  Jurisdiction for such a claim is statutorily proper in federal district court. 29 U.S.C. § 626(c).

17.     Here, the plaintiff is in a protected class of persons because he is over the age of 40, the defendant discriminated against the plaintiff because of his age (51) in demoting him and constructively discharging him from his employment, the plaintiff was performing his job duties and responsibilities at a high level of competence, the plaintiff alleges that his age (51) was a motivating factor in the defendant's decision to demote and then constructively discharge him, and that he was replaced by someone younger

6

than him and outside the protected class of persons with respect to age.

18. The plaintiff also alleges that the discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant.

19. The defendant's conduct caused damages to the plaintiff. He therefore seeks to recover his economic and non-economic damages from the defendant by this suit. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law, and as provided by law, all of his costs and attorney's fees incurred in this matter.

## State Law

20. Discharging employees because of their age, if over 40 years of age, is also unlawful under Texas law.

21. Under Texas law, identical to federal law, an employer may not discriminate against or discharge an employee based on "race, color, disability, religion, sex, national origin, or age." *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008) (citing TEX. LAB. CODE § 21.051). To establish a violation of the Texas Labor Code, substantively identical to federal law, a plaintiff must show that he or he was (1) a member of the class protected by the Act, (2) qualified for his or her employment position, (3) terminated by the employer, and (4) treated less favorably than similarly situated members of the opposing class. *AutoZone, Inc.*, 272 S.W.3d at 592. This Court has jurisdiction of this

claim under pendant jurisdiction. Federal district courts have "pendant jurisdiction" over a state law claim if the court already has jurisdiction over a "substantial" federal claim, if the state and federal claims are derived from a "common nucleus of operative fact," and if the claims are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 141–42 (5th Cir. 1987). Here, the plaintiff's alleged state law claim derives from the same common nucleus of operative facts as his federal law claim. Therefore, this Court has pendant jurisdiction of the plaintiff's statutory, state law claim with respect to age discrimination. *See id.*

22. Here, the plaintiff is in a protected class of persons because he is over the age of 40 (51), the defendant discriminated against the plaintiff because, at least in part, of his age (51) in discharging him from his employment, the plaintiff was performing his job duties and responsibilities at a high level of competence, the plaintiff alleges that his age (51) was a motivating factor in the defendant's decision to discharge him, and he was replaced by someone younger than him and outside his protected class of persons with respect to age.

23. The plaintiff also alleges that the discrimination was knowingly done and/or intentionally done and/or recklessly by the defendant.

24. The defendant's conduct caused damages to the plaintiff. He therefore seeks to

recover his economic and non-economic damages from the defendant by this suit. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law, and as provided by law, all of his costs and attorney's fees incurred in this matter.

### Count 2–Retaliation (State and Federal Law)

25. The plaintiff incorporates within Count 3 all of the allegations set forth in paragraphs 1-24, *supra*.

26. The plaintiff made a complaint to the defendant, complaining about and age discrimination.

27. In response to his protected conduct, the defendant retaliated against the plaintiff by making his working conditions worse and constructively discharging him from his employment.

28. The plaintiff alleges the retaliation was knowingly done and/or intentionally done and/or recklessly by the defendant.

29. The defendant's conduct caused damages to the plaintiff. He therefore seeks to recover his economic damages from the defendant, damages for mental anguish, and all other damages provided by law. Because of the nature of the conduct, the plaintiff also seeks to recover exemplary damages from the defendant, as provided by law. As provided by law, the plaintiff also seeks recovery of his attorney's fees.

**Count 3—Unpaid Wages**

30. The plaintiff incorporates within Count 3 all of the allegations set forth in paragraphs 1-29, *supra*.

31. Under Texas state law, an employee seeking unpaid wages from an employer may pursue a judicial action against the employer for breach of contract. *See Hull v. Davis*, 211 S.W.3d 461, 464 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

32. The elements of a breach of contract claim for unpaid wages are (1) the existence of a valid contract between plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage as a result of the breach. *Gaspar v. Lawnpro, Inc.*, 372 S.W.3d 754, 757 (Tex. App.—Dallas 2012, no pet.). Further, to the extent necessary, terms of a contract are implied when they are necessarily involved in the contractual relationship such that the parties must have intended to include them, but failed due to inadvertence or because they were too obvious to need expression. *Id.* Here, there is the existence of a valid contract between plaintiff and defendant, (2) the plaintiff fully performed under the terms of the contract, (3) the defendant breached of the contract by not paying wages to the plaintiff, and (4) the plaintiff was damage as a result of the breach.

33. The plaintiff seeks to recover his economic and non-economic damages from the defendant, and all other damages provided by law. The plaintiff also seek his attorney's

fees, as provided by law.

## **P**RAYER

34.     For these reasons, Plaintiff Kevin L. Burks respectfully requests that Defendant DNOW L.P. d/b/a Distribution Now be cited to appear herein and answer, and that upon trial of this matter, have judgment against Defendant for Plaintiff's damages, economic damages, non-economic damages, mental anguish damages, exemplary damages, attorney's fees, costs, pre-judgment interest, post-judgment interest, and for such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

s/Jon D. Brooks
Jon D. Brooks
Attorney-in-Charge
Federal ID 24936
State Bar No. 24004563
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710
361.885.7716 (facsimile)
www.brooksllp.com

**Attorneys for Plaintiff Kevin L. Burks**